JOHN C. NORDT, III, M.D.
AND ASSOCIATES, P.A.,

      Plaintiff,

v.

COLINA INSURANCE LIMITED,

      Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Colina Insurance Company's Motion to Dismiss [ECF No. 36], filed August 1, 2017. Plaintiff, John C. Nordt, III, M.D. and Associates, P.A., filed a Memorandum of Law in Opposition [ECF No. 47]; to which Defendant filed a Reply [ECF No. 48]. The Court has carefully considered the Complaint [ECF No. 1], briefing, and applicable law.

## I.    BACKGROUND

Colina is an insurance company headquartered in the island of New Providence in The Bahamas. (*See id.* ¶ 3). It provides health insurance to its insureds for services rendered in the United States and Miami-Dade County. (*See id.* ¶ 4). Nordt, a Florida corporation, has provided medical services to Colina insureds visiting from the Bahamas. (*See id.* ¶¶ 2, 5).

Before Nordt provides any medical services to Colina insureds, it contacts Colina's administrator and agent, non-party Sanus Health Corporation, relaying information about the patient, service, and date of service. (*See id.* ¶¶ 6–7). Sanus Health approves the services and issues Nordt a pre-certification form authorizing the services to the patient on behalf of Colina.

(*See id.* ¶ 7). The form states the percentage of accepted charges to be paid by Colina for the authorized services. (*See id.* ¶ 8).

Once Nordt treats the Colina-insured patients, it submits a claim form to Sanus Health. (*See id.* ¶ 9). The form contains an assignment of benefits to Nordt for payment of services rendered to Colina insureds, which Colina is then responsible for paying. (*See id.* ¶¶ 9–10).

Nordt filed its Complaint on April 3, 2017, alleging breach of contract, unjust enrichment, and conversion. Specifically, Nordt alleges Colina "failed to pay [it] for all monies owed for all services rendered from August 2014 listed on" Exhibit C (*see* Complaint Exhibits [ECF No. 1-3] 6–8) and also underpaid for services from August 2014 to December 2015, as reflected in Exhibit D (*see* Compl. Exs. 10). (*See* Compl. ¶¶ 11–12).

On June 14, 2017, the Court entered an Order [ECF No. 17] allowing for a period of jurisdictional discovery for Plaintiff to defend any motion to dismiss on the ground of lack of jurisdiction. Defendant filed the Motion at the close of jurisdictional discovery. The Motion seeks dismissal for lack of personal jurisdiction over Colina and also seeks to dismiss the individual counts for failure to state claims for relief.

## II.   PERSONAL JURISDICTION

### A.  Legal Standard

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a claim against it by asserting the defense of lack of personal jurisdiction. In the case of a non-resident defendant, a federal court may properly exercise personal jurisdiction only if the requirements of (1) the relevant state long-arm statute; and (2) the Due Process Clause of the Fourteenth Amendment to the United States Constitution are both satisfied. *See Posner v. Essex*

*Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (citing *Sculptchair, Inc. v. Century Arts Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996)).

"A plaintiff seeking to obtain jurisdiction over a non-resident defendant initially need only allege sufficient facts to make out a prima face case of jurisdiction." *Id.* (citing *Electro Eng'g Prods. Co. v. Lewis*, 352 So. 2d 862, 864 (Fla. 1977)). "The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1286 (S.D. Fla. 2014) (citing *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000)). If a plaintiff pleads sufficient facts to support the exercise of personal jurisdiction, the burden shifts to the defendant to make a prima facie showing of the inapplicability of the state's long-arm statute. *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (per curiam) (quoting *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 583 (M.D. Fla. 1991)).

If the defendant satisfies its burden, the burden then shifts back to the plaintiff to "substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Id.* (citation omitted). "The district court must construe all reasonable inferences in the light most favorable to the plaintiff when dealing with conflicting evidence." *Peruyero*, 83 F. Supp. 3d at 1287 (citing *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010)) (other citation omitted).

## B. Specific Jurisdiction

Florida's long-arm statute recognizes two kinds of personal jurisdiction over defendants: specific jurisdiction and general jurisdiction. *See* FLA. STAT. § 48.193. It is not apparent from the face of the Complaint whether Nordt asserts general or specific jurisdiction over Colina.

Colina defends against the exercise of both kinds of jurisdiction. Because the Court determines it possesses specific personal jurisdiction over Colina, and because Nordt does not respond to Colina's argument general jurisdiction is inapplicable, the Court does not discuss general personal jurisdiction.[1] (*See generally* Mot.).

A non-resident defendant may be subject to specific personal jurisdiction under Florida's long-arm statute if the claim asserted against the defendant arises from its forum-related contacts and if those contacts fall in one of the nine enumerated categories listed under section 48.193(1)(a), Florida Statutes. *See Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 790 (11th Cir. Mar. 28, 2017) (per curiam) (quoting *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203–04 (11th Cir. 2015)); *Hard Candy, LLC v. Hard Candy Fitness, LLC*, 106 F. Supp. 3d 1231, 1239 (S.D. Fla. 2015). These acts include: "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." FLA. STAT. 48.193(1)(a)(1) (alteration added).

The terms "business" and 'business venture' are construed broadly and "can consist of a single project or transaction." *PFM Air, Inc. v. DR. ING. HC. F. Porsche A.G.*, 751 F. Supp. 2d 1264, 1275 (M.D. Fla. 2010) (quoting *Atlantis Marina & Yacht Club, Inc. v. R & R Holdings, Inc.*, 766 So. 2d 1163, 1165 (Fla. 3d DCA 2000)). To establish a defendant is "engaging in a business or business venture" in Florida requires "the activities of the defendant . . . be considered collectively and show a general course of business activity in the state for pecuniary

---

[1] When a party fails to respond to an argument or address a claim in a responsive brief, such argument or claim can be deemed abandoned. *See, e.g.*, *Hartford Steam Boiler Inspection & Ins. Co. v. Brickellhouse Condo. Ass'n, Inc.*, No. 16-CV-22236, 2016 WL 5661636, at *3 (S.D. Fla. Sept. 30, 2016) (determining the plaintiff "implicitly concede[d]" a point by failing to address the defendant's abstention argument in response to a motion to dismiss (alteration added)); *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (quoting *Hudson v. Norfolk S. Ry. Co.*, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001)). By failing to respond to Defendant's arguments general jurisdiction does not apply, the Court concludes Plaintiff has conceded the point.

benefit." *Hard Candy*, 106 F. Supp. 3d at 1239 (internal quotation marks omitted; alteration added) (citing *Future Tech.*, 218 F.3d at 1249); *see also Joseph v. Chanin*, 869 So. 2d 738, 740 (Fla. 4th DCA 2004) ("It is not necessarily the number of transactions, but rather the nature and extent of the transaction(s) that determine[] whether a person is carrying on a business . . . ." (alterations added; internal quotation marks omitted)). The Court should consider: presence or operation of a Florida office, possession of licenses to do business in Florida, number of Florida clients, percentage of revenue from Florida clients, and marketing or advertising in Florida, among other things. *See Hard Candy*, 106 F. Supp. 3d at 1239 (first quoting *Horizon Aggressive Growth, L.P. v. Rothstein–Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005); then citing *Carmel & Co. v. Silverfish, LLC*, No. 1:12-cv-21328-KMM, 2013 WL 1177857, at *3 (S.D. Fla. Mar. 21, 2013)).

## 1. Applicability of the Long-Arm Statute

The Complaint alleges Colina provides health insurance to its insureds for services rendered in the United States and Miami-Dade County. (*See* Compl. ¶ 4). Nordt contacts Colina's administrator and agent, non-party Sanus Health, which relays information about the patient, service, and date of service, to Colina. (*See id.* ¶¶ 6–7). Plaintiff alleges Sanus Health approves the services and issues Nordt a pre-certification form authorizing medical services to the patient on behalf of Colina. (*See id.* ¶ 7). Once Nordt treats the Colina-insured patients, it submits a claim form to Sanus Health; the form contains an assignment of benefits to Nordt for payment of services rendered to Colina insureds. (*See id.* ¶ 9). Colina is then responsible for paying those sums. (*See id.* ¶ 10).

Although the Complaint does not identify a specific long-arm statute provision to justify jurisdiction over Colina, its allegations offer sufficient initial facts to support the exercise of

jurisdiction over the claims of breach of contract, unjust enrichment, and conversion under the "conducting and engaging in a business" provision. Accordingly, the burden shifts to Defendant to make a prima facie showing the long-arm statute is inapplicable. *See Future Tech. Today, Inc.*, 218 F.3d at 1249 (citation omitted).

In the Motion and the Second Declaration of Stephen Joseph Haughey [ECF No. 38], Defendant sets forth the following facts via affidavit to dispute the long-arm statute's applicability: Colina only operates out of the Bahamas; it has never owned or occupied Florida real estate; it has never had an office or employees in Florida; it only issues insurance policies to residents of the Bahamas, Mexico, and other Caribbean countries; it has never collected premiums from Florida residents; and it is not registered to do business in Florida. (*See* Mot. 2; *see also generally* Haughey Decl.).

Defendant also offers affidavit evidence to prove no agency relationship exists between Sanus and Colina which would subject Colina to jurisdiction in Florida. First, the Declaration clarifies Colina has an agreement not with Sanus Health, but with Sanus International Ltd., a Turks and Caicos corporation unaffiliated with Sanus Health. (*See* Declaration of Sanus Health Corporation [ECF No. 37] ¶ 3; *see also* Haughey Decl. ¶¶ 4–7). Sanus International helps Colina arrange healthcare for insureds who seek services in the United States, and it assists in the processing of claims. (*See* Sanus Health Decl. ¶ 3). Sanus International pays Sanus Health to conduct some of these tasks in the United States, so that "Sanus [Health] acts as an intermediary between health care providers and insurance payors." (*Id.* (alteration added)). In any dealings with Colina, including those in which Nordt was involved, Sanus Health was acting pursuant to its agreement with Sanus International and without any authority to bind or decide issues on behalf of either Nordt or Colina. (*See id.* ¶¶ 3, 5–6).

Colina's evidence makes a prima facie showing the long-arm statute is inapplicable. Thus, the burden shifts back to Plaintiff to substantiate its original jurisdictional allegations.

Nordt insists jurisdiction exists over Colina both because it, and its agent, Sanus Health, conduct and engage in a business in Florida. Notably, the Jurisdictional Request for Admissions [ECF No. 47-1] indicates Colina's website promotes a network of providers throughout the state of Florida, the only United States locations included along with several Bahamian locations in a drop-down menu allowing web users to select a specialty or city for coverage. (*See id.* 5–9; Response to Request for Admissions [ECF No. 47-2] Request 7). Sanus Health's medical utilization review director states he communicates with Colina via email (*see* Deposition Transcript of Leinad T. Echemendia [ECF No. 44] 35:23–25), and there are "[t]ons of areas that I touch when it comes to communications with Colina" (*id.* 36:3–7 (alteration added)). Nordt states Colina paid it for services rendered to Colina insureds with checks issued from Colina's Miami-Dade Citibank account. (*See* Affidavit of Mayra Hernandez [ECF No. 41] ¶¶ 7, 9).

Despite the fact Nordt does not rebut Colina's evidence it lacks offices in Florida or a license to do business in the state, taken together, Nordt's allegations are sufficient to support long-arm jurisdiction under Florida Statutes section 48.193(1)(a)(1). Covering healthcare in a particular location is a relevant factor in considering whether jurisdiction over an insurer extends to that location. *See La Reunion Francaise v. La Costena*, 818 So. 2d 657, 659 (Fla. 3d DCA 2002) (concluding there was no personal jurisdiction after noting insurer's policy did not cover a risk in Florida, as well as observing insurer did not issue the policy in Florida or to a Florida resident). The payment of claims for medical treatment is an additional factor Florida courts consider in determining whether an insurer has conducted business in the state. *See Nat'l*

*Alcoholism Programs Cooper City, Fla., Inc. v. Slocum*, 648 So. 2d 234, 236 (Fla. 4th DCA 1994).

While Colina states it does not issue policies in Florida or cover Florida residents, it undeniably covers medical treatment in Florida. Colina's website indicates Colina provides coverage for services from providers in multiple locations throughout the state, and the site includes an option for users to select from "Florida: Super Preferred Providers" or "Florida: All Providers." (Jurisdictional Request for Admissions 7). Further, it is undisputed Colina has paid claims for treatment provided by Nordt. (*See* Haughey Decl. ¶ 9). Under these circumstances, providing coverage by paying healthcare providers within the state qualifies as conducting business activities within the state.[2]

Having pleaded sufficient jurisdictional allegations to show the long-arm statute applies, Plaintiff must still satisfy the requirements of the due process clause of the fourteenth amendment for the Court to exercise personal jurisdiction.

**2. Due Process**

In specific personal jurisdiction cases, the due process inquiry involves a three-part test examining: "(1) whether the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Louis Vuitton Malletier, S.A. v.*

---

[2] Given the Court's finding Colina has sufficient contacts itself to satisfy the exercise of jurisdiction under the long-arm statute, the Court does not consider whether the alleged agency relationship between Colina and Sanus Health subjects Colina to jurisdiction.

*Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–73, 474–75 (1985)) (other citations omitted).

The "arising out of" prong of the test focuses on the relationship between the defendant, the forum, and the litigation. *See id.* at 1355–56 (citing *Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010)). Colina's ties to Florida involve the paying of claims for medical treatment. Nordt's breach of contract, unjust enrichment, and conversion claims arise out of these contacts with Florida. The first due process requirement is satisfied.

The traditional purposeful availment test asks whether a defendant's contacts "(1) are related to the plaintiff's cause of action; (2) involve some act by which the defendant purposefully availed himself of the privileges of doing business within the forum; and (3) are such that the defendant could reasonably anticipate being haled into court in that forum." *Id.* at 1357 (citing *SEC v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997)). Based on the record, the Court concludes Colina purposely availed itself of the Florida forum in such a way it could reasonably foresee being haled into a Florida court. While Colina states it does not insure Florida or U.S. residents, it purposely availed itself of the Florida forum through the promotion of Florida healthcare providers, as evidenced by its website. It could reasonably anticipate being haled into court in a forum where its insurance policies apparently cover medical treatment.

Finally, the exercise of personal jurisdiction over Colina also comports with fair play and substantial justice. This analysis considers: "(1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the judicial system's interest in resolving the dispute." *Id.* at 1358 (quoting *Licciardello v. Lovelady*, 544 F.3d 1280 (11th Cir. 2008)). Colina has not offered any evidence of financial or other limitations showing it would be burdened by having to litigate the

case in Florida. In light of Nordt's Florida practice, and that of several other Florida providers apparently covered by Colina, Florida has a strong interest in hearing the case and protecting healthcare providers from alleged failure to pay for services rendered. As a Florida practice, Nordt has an interest in litigating the case in its chosen forum. Finally, the judiciary has an interest in resolving a dispute in a forum where the record is being developed and much of the evidence is likely to exist.

Given the above analysis, the Court finds exercising personal jurisdiction over Colina is proper.

### III.     SUFFICIENCY OF THE PLEADING

While Colina's Motion seeks dismissal "primarily for lack of personal jurisdiction" (Reply 1), Colina also moves for dismissal of the three counts — breach of contract, unjust enrichment, and conversion — under Federal Rule of Civil Procedure 12(b)(6). (*See* Mot. 13– 19). The Court discusses the relevant legal standard and considers each count in turn.

#### A.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (alteration added) (citing *Twombly*, 550 U.S. at 556). "[I]t simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [behavior]." *Twombly*, 550 U.S. at 556 (alterations added). The mere possibility a defendant acted unlawfully is insufficient to survive a motion to dismiss. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012)

(citing *Iqbal*, 556 U.S. at 678).  When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true.  *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

## B.  Count I – Breach of Contract

To state a claim for breach of contract, a plaintiff must show: (1) a valid contract, (2) a material breach, and (3) damages.  *See Khanimov v. St. Tropez II, LLC*, No. 08-23321-CIV, 2009 WL 10667415, at *2 (S.D. Fla. Aug. 18, 2009) (citing *Tech. Packaging, Inc. v. Hanchett*, 992 So. 2d 309, 313 (Fla. 2d DCA 2008)) (other citation omitted).  Nordt alleges Colina breached its agreement to pay Nordt the percentage of charges on pre-certification forms approved by Sanus Health and reflected on the required health insurance claim forms for Colina insureds treated by Nordt.  (*See* Compl. ¶ 17).  Colina argues Nordt has provided insufficient allegations to show the making of a contract in Florida and, additionally, Sanus Health had no authority to bind Colina to pay any percentages in the pre-certification forms.  (*See* Mot. 13).

Nordt alleges its agreement with Colina entails the provision of medical services to Colina insureds in exchange for payment for those services after issuance of a pre-certification form, the rendering of services, and submission of the claim form.  (*See* Compl. ¶¶ 7–10).  Nordt attaches to its Complaint a pre-certification form and claim form issued by Sanus Health, but does not explain how these documents evince an agreement between Nordt and Colina.  Nordt does not detail the terms of its supposed contract with Colina with specificity beyond pointing to contracts and documents issued by Sanus Health.

While Nordt alleges an agency relationship between Sanus Health and Colina, it does not plead in anything but a conclusory manner Sanus Health could act on behalf of Colina.  Indeed, the pre-certification form states "[v]erification of [b]enefits and/or [a]uthorization is not a

guarantee of payment." (Compl. Exs. 2 (alterations added)). Instead, Nordt simply alleges its purported agreement with Colina is "confirmed" by Colina's payment of pre-certification form percentage of health insurance claim form charges. (Compl. ¶ 18). This alone is insufficient to establish the elements of a contract and breach of contract claim.

While the briefings refer to other contracts between Colina and Sanus International, or Colina and its own insureds, Nordt has not alleged an assignment of rights or the elements of a third-party beneficiary claim.[3] Therefore, the breach-of-contract claim merits dismissal. *See MSP Recovery, LLC v. Allstate Ins. Co.*, No. 15-20788-CIV, 2015 WL 10857402, at *3 (S.D. Fla. June 24, 2015) (dismissing without prejudice breach of contract claim by potential provider against insurer for failure to plead elements of third-party beneficiary claim).

### C. Count II – Unjust Enrichment

In Florida, a claim for unjust enrichment requires a plaintiff to show: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Carriuolo v. Gen. Motors LLC*, 72 F. Supp. 3d 1323, 1326 (S.D. Fla. 2014) (citation omitted). Plaintiff's second count for unjust enrichment alleges Colina "authorized payment to [Nordt] for the services" to Colina insureds (Compl. ¶ 22 (alteration added)), and "[a]ll services [were] performed and all payments for such services are

---

[3] A number of Florida cases suggest third-party beneficiaries to a contract are bound by that contract's forum selection clause. *See Anago Franchising, Inc. v. Shaz, LLC*, No. 10-62273-CIV, 2012 WL 12860742, at *2 (S.D. Fla. Nov. 27, 2012); *Consol. Bathurst, Ltd. v. Rederiaktiebolaget Gustaf Erikson*, 645 F. Supp. 884, 887 (S.D. Fla. 1986). Even if Plaintiff were able to allege a third-party beneficiary breach-of-contract claim, it would still have to contend with an apparent forum selection clause in Defendant's contracts with insureds, requiring all legal disputes be decided in the courts of the Bahamas. (*See* Mot. 17).

due and owing" (*id.* ¶ 24 (alterations added)), yet "Colina has retained the monies [for these services] for no reason" (*id.* ¶ 25 (alteration added)).

Throughout the facts and in the allegations as to this count, Nordt has detailed how it conferred a benefit on Colina — providing services to its insureds — and how Colina accepted and retained that benefit without paying for it.  Given the parties' alleged prior course of dealing, Nordt has also pleaded sufficient facts to indicate the circumstances render inequitable Defendant's retention of the benefit without payment.  There are at least enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting Plaintiff's cause of action.  *Twombly*, 550 U.S. at 556.  Construing the Complaint in the light most favorable to Plaintiff, the Court determines Nordt has stated a claim for unjust enrichment.

### D.  Count III – Conversion

In its final count, Nordt alleges "Colina has converted to its own use the monies for services rendered by [Nordt] that [were], and still [are], the property of [Nordt]."  (Compl. ¶ 28 (alterations added)).  Colina argues Nordt seeks to recover the amounts owed under a contract and no conversion can occur where the parties are engaged in a contractual dispute and no fraud is involved.  (*See* Mot. 18 (citations omitted)).

"The essence of the tort of conversion is the exercise of wrongful dominion or control over property to the detriment of the rights of the actual owner."  *DePrince v. Starboard Cruise Servs., Inc.*, 163 So. 3d 586, 597–98 (Fla. 3d DCA 2015) (citation and internal quotation mark omitted).  A conversion occurs where "a person having a right to possession of property makes demand for its return and the property is not relinquished."  *Senfeld v. Bank of Nova Scotia Tr. Co. (Cayman)*, 450 So. 2d 1157, 1161 (Fla. 3d DCA 1984).  However, "[a] debt which may be discharged by the payment of money in general cannot form the basis of a claim for conversion."

*Rosen v. Marlin*, 486 So. 2d 623, 625 (Fla. 3d DCA 1986) (alteration added; citations omitted). "Where the compensatory damages requested in a count for tort are identical to the compensatory damages sought in a count for breach of contract, compensatory damages and punitive damages for the tort are not recoverable." *Id.* at 626 (citations omitted).

Plaintiff's conversion claim relies on the same allegations used to support the breach-of-contract claim. Accordingly, and because Nordt has not alleged any independent wrongdoing to sustain the tort claim of conversion, dismissal of this count is warranted.

## IV.     CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motion **[ECF No. 36]** is **GRANTED in part** and **DENIED in part** as follows:

1. There is specific jurisdiction over Defendant, Colina Insurance Limited.

2. Claims I and III are **DISMISSED**. Claim II remains intact.

**DONE AND ORDERED** in Miami, Florida this 22nd day of September, 2017.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

14